NOTICE

Decision filed 08/26/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 240687-U

NO. 5-24-0687

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Vermilion County. |
| | ) | |
| v. | ) | No. 24-CF-312 |
| | ) | |
| ERNESTO VASQUEZ, | ) | Honorable |
| | ) | Robert E. McIntire, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE CATES delivered the judgment of the court.
Justices Welch and Moore concurred in the judgment.

**ORDER**

¶ 1    *Held*:    Where the circuit court failed to provide a written summary or make oral findings in support of pretrial detention, as required under subsection 110-6.1(h)(1), this matter must be reversed and remanded for compliance with subsection 110-6.1(h)(1). 725 ILCS 5/110-6.1(h)(1) (West 2022).

¶ 2    The defendant, Ernesto Vasquez, appeals the May 15, 2024, order of the circuit court of Vermilion County that granted the State's petition to deny pretrial release and ordered him detained pursuant to article 110 of the Code of Criminal Procedure of 1963 (725 ILCS 5/art. 110 (West 2022)), as amended by Public Act 101-652 (eff. Jan. 1, 2023), commonly known as the Safety, Accountability, Fairness and Equity-Today (SAFE-T) Act (Act).[1] The defendant also

_____

[1]See Pub. Acts 101-652, § 10-255, 102-1104, § 70 (eff. Jan. 1, 2023); *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (lifting stay and setting effective date as September 18, 2023). The SAFE-T Act has also been referred to as the Pretrial Fairness Act. Neither of these names appear in the Illinois Compiled Statutes or the public act, and are, therefore, not officially recognized names.

1

appeals the May 23, 2024, denial of the defendant's motion for relief, filed pursuant to Illinois Supreme Court Rule 604(h)(2).[2] For the reasons that follow, we reverse and remand for further proceedings.

¶ 3     On May 14, 2024, the defendant was charged by information with one count of criminal sexual assault by force, a Class 1 felony, in violation of section 11-1.20(a)(1) of the Criminal Code of 2012 (720 ILCS 5/11-1.20(a)(1) (West 2022)). That same day, the State filed a verified petition to deny the defendant pretrial release. The next day, on May 15, 2024, the circuit court held a hearing on the State's petition. After considering the State's proffer, and the arguments of counsel, the circuit court entered a written order, using a preprinted form, detaining the defendant.

¶ 4     On May 15, 2024, the defendant, through counsel, filed a verified motion for relief pursuant to Illinois Supreme Court Rule 604(h)(2), claiming that the circuit court erred in entering the detention order. Specifically, the defendant claimed that the circuit court erred in finding there was clear and convincing evidence or that the presumption was great that a qualifying offense had been committed, as no injuries or physical evidence had been presented; that the defendant had no recent criminal history, as the last charge was more than 10 years prior; and that the circuit court erred in finding that detention was the only means available to protect specific persons or the community, and a no contact order and GPS monitoring would have been sufficient. The defendant requested pretrial release with conditions.

¶ 5     On May 23, 2024, the circuit court heard the defendant's motion for relief. By docket entry recorded that date, the circuit court denied the defendant's motion for relief. In addition to denying the defendant's requested relief, the circuit court amended the prior detention order to include a no

---

[2]Ill. S. Ct. R. 604(h)(2) (eff. Apr. 15, 2024).

contact order between the defendant and Tiffany January and Joe Parks. The docket entry stood as the order of the court.

¶ 6    The defendant filed a timely notice of appeal on May 29, 2024. On appeal, the defendant argues that the circuit court's May 15, 2024, order of detention should be reversed because the State failed to prove by clear and convincing evidence that (1) defendant posed a real and present threat to the safety of any person or the community, and (2) less restrictive conditions would fail to protect any person or the community's safety.

¶ 7    Pretrial release—including the conditions related thereto—is governed by article 110 of the Code of Criminal Procedure of 1963 (725 ILCS 5/art. 110 (West 2022)). A defendant's pretrial release may be denied only in certain statutorily-limited situations. 725 ILCS 5/110-6.1 (West 2022). If pretrial release is granted, but with conditions, some of those conditions are mandatory, whereas others are permissive. 725 ILCS 5/110-5(c), 110-10(a) (West 2022) (mandatory conditions); 725 ILCS 5/110-10(b) (West 2022) (nonexclusive list of permissive conditions).

¶ 8    To set appropriate conditions of pretrial release, the circuit court must determine, by clear and convincing evidence, what pretrial release conditions, "if any, will reasonably ensure the appearance of a defendant as required or the safety of any other person or the community and the likelihood of compliance by the defendant with all the conditions of pretrial release." 725 ILCS 5/110-5(a) (West 2022). In reaching its determination, the circuit court must consider (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person;[3] (4) the nature and seriousness of the specific, real, and

---

[3]The defendant's history and characteristics include: "the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past relating to drug or alcohol abuse, conduct, *** criminal history, and record concerning appearance at court proceedings," as well as "whether, at the time of the current offense or arrest, the defendant was on probation, parole, or on other release pending trial, sentencing, appeal, or completion of

3

present threat to any person that would be posed by the person's release; and (5) the nature and seriousness of the risk of obstructing or attempting to obstruct the criminal justice process. 725 ILCS 5/110-5(a) (West 2022). The statute lists no singular factor as dispositive. See 725 ILCS 5/110-5(a) (West 2022).

¶ 9 Our standard of review of pretrial release determinations is twofold. The circuit court's factual findings will be reviewed under the manifest weight of the evidence standard, such as the State's burden of presenting clear and convincing evidence that conditions of pretrial release would not protect any person or the community, the defendant has a high likelihood of willful flight to avoid prosecution, or the defendant failed to comply with previously ordered conditions of pretrial release. *People v. Trottier*, 2023 IL App (2d) 230317, ¶ 13. "A finding is against the manifest weight of the evidence only if the opposite conclusion is clearly evident or if the finding itself is unreasonable, arbitrary, or not based on the evidence presented." *People v. Deleon*, 227 Ill. 2d 322, 332 (2008).

¶ 10 The circuit court's ultimate determination regarding the denial of pretrial release is reviewed for an abuse of discretion. *Trottier*, 2023 IL App (2d) 230317, ¶ 13. "An abuse of discretion occurs where the circuit court's decision is arbitrary, unreasonable, or fanciful or where no reasonable person would have taken the position adopted by the circuit court." *People v. Heineman*, 2023 IL 127854, ¶ 59.

¶ 11 We have thoroughly reviewed the record on appeal in this matter. Based upon the record before us, it is not clear that the circuit court made individualized findings in support of its denial of pretrial release to the defendant after considering the facts presented, the pretrial investigation

sentence for an offense under federal law, or the law of this or any other state." 725 ILCS 5/110-5(a)(3)(A), (B) (West 2022).

4

report, arguments made by counsel, and the statutory factors. The circuit court checked a box on a preprinted form order wherein it found, by "clear and convincing evidence, that:

- the proof is evident or presumption great that the defendant has committed a qualifying offense listed in paragraphs (1) through (7) of 725 ILCS 5/110-6.1(a), and
- the defendant poses a real and present threat to the safety of any person or persons or the community, based upon the specific articulable facts of the case or, in the case of stalking or aggravated stalking, of a victim of the alleged offense, and
- no condition or combination of conditions can mitigate the real and present threat to the safety of any person or persons."

¶ 12    In support of these generalized and conclusory findings, the circuit court checked two additional boxes on this form order. These boxes, along with others, were found under a heading that stated as follows:

> "**As required under 725 ILCS 5/110-6.1(h)(1), the Court's reason(s) for concluding the defendant should be denied pretrial release, as no condition or combination of conditions set forth in subsection (b) of 725 ILCS 5/110-10 can mitigate either (i) the real and present threat of safety of any person or persons or the community or (ii) the defendant's willful flight, are based on the following: (*Check all boxes that apply*)**"

¶ 13    The first box checked in support of the circuit court's findings was the "Nature and circumstances of the offense(s) charged." There was nothing else to further explain what the circuit court considered in this regard. The second box marked on the form stated: "Any statement(s) made by, or attributed to the defendant, together with circumstances surrounding them." Again, the circuit court added nothing to the form to further explain any facts it may have considered in support of this finding.

¶ 14    Further, an examination of the report of proceedings for the May 15, 2024, hearing reveals that the State's proffer was minimal, at best. None of the circumstances relating to how the alleged victim came to be in the presence of the defendant were introduced. While the State did indicate that the defendant tried to pull down the victim's shorts, turned her around, and placed his penis into her vagina, it was also clear that when the victim made up an excuse to go home, the victim

5

was allowed to leave. The victim did tell a friend, went to a healthcare facility, and contacted law enforcement. As part of its argument, the State requested a no contact order, and alternatively suggested GPS monitoring and the surrender of any firearms or ammunition in the possession of the defendant.

¶ 15 In response to the State's proffer on May 15, 2024, defense counsel argued that the defendant claimed the sexual encounter was consensual and that after the sexual act, the victim agreed to have the defendant take her home, which he did. Defense counsel also argued that the defendant had adequate transportation to and from court; that the defendant was gainfully employed; that the defendant had two children that depended upon him; and that he lived with his adult sister who had the mentality of an 11-year-old child. Further, that the defendant was the caretaker for his sister, as she could not take care of herself. The defendant's counsel recommended release with conditions, which included GPS monitoring and a no contact order with the alleged victim.

¶ 16 At the conclusion of the May 15, 2024, hearing, the circuit court failed to make any specific factual findings in support of the conclusions that appear on the form order of detention. As such, we find that the oral pronouncements made on May 15, 2024, add very little to support the generalized conclusions found in the preprinted order. Therefore, we find that the written form, as presently filled out, falls short of the requirements of subsection 110-6.1(h)(1), which mandate a "written finding summarizing the court's reasons for concluding that the defendant should be denied pretrial release, including why less restrictive conditions would not avoid a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case." 725 ILCS 5/110-6.1(h)(1) (West 2022). Here, the circuit court failed to indicate in its verbal ruling and failed to indicate in its written order those facts that it considered in denying

pretrial release. The circuit court also failed to articulate, either orally or in writing, that it considered less restrictive means that would mitigate the threat to the person or community and why less restrictive conditions would not mitigate the real and present threat to the safety of any person or the community.

¶ 17    Therefore, in light of our review of the record, we remand this matter to the circuit court to reconsider its order of May 15, 2024, and determine whether there are sufficient facts to support the circuit court's ultimate determination to deny the defendant pretrial release. Additionally, we caution the circuit court of its use of this form order in the future, as it is non-specific and conclusory, at best. Accordingly, we reverse the circuit court's order of May 15, 2024, and remand this matter for further consideration, consistent with this order.

¶ 18    Reversed and remanded.